IN THE CIRCUIT COURT
SAINT CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **JAMES HURSTER, on behalf** of himself and all others similarly situated | ) ) ) |
| Plaintiff, | ) ) ) Cause No. |
| v. | ) ) |
| **SPECIALIZED LOAN SERVICING, LLC,** | ) ) |
| Serve at: UNITED AGENT GROUP INC., R/A 12747 OLIVE BOULEVARD, #300 ST. LOUIS, MO 63141 | ) ) ) ) ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

### INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, James Hurster, and for his Intra-State Class Action Petition states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer on behalf of himself and all other consumers located in Missouri and similarly situated for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer on behalf of himself and all other consumers located in Missouri and similarly situated for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Plaintiff, for himself, and on behalf of his fellow class members, demands a trial by jury on all issues so triable.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - February 09, 2021 - 05:07 PM

**JURISDICTION**

4. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Saint Charles County, Missouri.

5. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant Specialized Loan Servicing, LLC ("SLS") placed prohibited telephone calls to Plaintiff's phone located in St. Charles County, Missouri.

**PARTIES**

6. Plaintiff is a natural person currently residing in Saint Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.

7. Specifically, Plaintiff believes the alleged debt arose from the mortgage on his primary residence.

8. Defendant Specialized Loan Servicing, LLC is a foreign limited liability company with its principal place of business in Denver, CO. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

*Telephone Consumer Protection Act*

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

10. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

11. At all times relevant to this complaint, Defendant engaged in

"telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

12.  At all times relevant to this complaint, Defendant engaged in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

13.  At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

14.  At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Fair Debt Collection Practices Act*

15.  Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

16.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

**FACTS**

17.  Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

18.  Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

19.  Within the last year, Defendant began attempts to collect an alleged debt from Plaintiff.

20. In its attempt to collect this debt, Defendant made numerous unsolicited, unauthorized pre-recorded debt collection phone calls to Plaintiff's cellular phone number, ▇▇▇▇.

21. In Defendant's debt collection pre-recorded messages to Plaintiff's cell phone, Defendant failed to state that it is a debt collector attempting to collect a debt, and that any information obtained can be used for that purpose.

22. In Defendant's debt collection pre-recorded messages to Plaintiff's cell phone, Defendant requested direct communication from Plaintiff and payment of the alleged debt.

23. Plaintiff never provided his cell phone number to Defendant, and Plaintiff never gave his express written consent to be called on his cellular telephone by automatic dialed telephone calls or prerecorded messages.

24. Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

25. Further, Plaintiff expressly revoked any consent ever given to be called on his cellular telephone.

26. Defendant knows the TCPA's prohibitions against using an autodialer and pre-recorded messages to call cell phones, and Defendant makes unauthorized and prohibited phone calls despite this knowledge.

*Violations of the TCPA*

27. Defendant never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone number using an automatic telephone dialing system

on or to send pre-recorded messages to Plaintiff's cellular phone.

28. Within the last four years, Defendant made attempts to collect the alleged debt by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number using an automatic telephone dialing system and pre-recorded messages.

29. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

30. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

31. These automated telephone dialing system calls were made to Plaintiff's cellular phone and he was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### *Violations of the FDCPA*

32. Defendant's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

33. Defendant failed to disclose in its pre-recorded voice messages to the Plaintiff, that it was a debt collector attempting to collect a debt, in violation of FDCPA § 1692e(11), which requires that in any communication, the debt collector must disclose that the communication is from a debt collector.

34. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to frustration, anxiety, sleeplessness, and worry.

### CLASS ALLEGATIONS - FDCPA

35. Upon information and belief, it is Defendant's routine practice to violate the

FDCPA by conducting telephone debt collection communications in which Defendant fails to include the disclosure required by 15 U.S.C. § 1692e(11) that the communication is from a debt collector in an attempt to collect a debt.

36. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

> All persons in Missouri who received a pre-recorded voice message on their telephone in which Defendant failed to disclose that the communication was from a debt collector in an attempt to collect a debt.

37. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant is a high volume debt collector that attempts to collect every month on hundreds of delinquent debts allegedly owed by Missouri consumers.

38. Upon information and belief, Defendant has engaged in the improper collections communications described above with at least one hundred Missouri consumers.

39. Plaintiff is a member of the class he seeks to represent.

40. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

41. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the class claims throughout the course of this action.

Electronically Filed - St Charles Circuit Div - February 09, 2021 - 05:07 PM

42. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by the Defendant.

43. Most, if not all, of the facts needed to determine damages are obtainable from the Defendant's records.

44. The purposes of the FDCPA will be best effectuated by a class action.

45. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

46. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

47. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

48. One common question of law and fact predominate over all individual questions in this action. The common question is whether Defendant engaged a class member with a pre-recorded voice message debt collection communication in which Defendant failed to disclose that the communication was from a debt collector in an attempt to collect a debt.

49. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

50. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

51. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

## COUNT I: VIOLATION OF THE FDCPA

52. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

53. In its attempt to collect the alleged debts from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

    a. Failing to disclose in a collection communication that the communication is from a debt collector in an attempt to collect a debt. 15 U.S.C. §1692e(11).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. An order declaring this action to be a proper state-wide class action and requiring Defendant to bear the cost of class notice;

    B. Judgment that Defendant's conduct violated the FDCPA;

    C. Actual damages;

    D. Release of the alleged debt;

    E. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

    F. For such other relief as the Court may deem just and proper.

## CLASS ALLEGATIONS - TCPA

54. Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialing telephone system to place pre-recorded telephone messages to cellular telephones without the consent of the persons being called, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

55. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

> All persons in Missouri who received an auto-dialed or pre-recorded voice message on their cellular telephone without their consent.

56. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant is a high-volume debt collector that attempts to collect every month on hundreds of delinquent debts allegedly owed by Missouri consumers by sending auto-dialed pre-recorded messages to their cellular telephones.

57. Upon information and belief, Defendant has engaged in the improper telecommunications conduct described above with at least one hundred Missourians.

58. Plaintiff is a member of the class he seeks to represent.

59. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

60. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this

Electronically Filed - St Charles Circuit Div - February 09, 2021 - 05:07 PM

Electronically Filed - St Charles Circuit Div - February 09, 2021 - 05:07 PM

matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the class claims throughout the course of this action.

61. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by the Defendant.

62. Most, if not all, of the facts needed to determine damages are obtainable from the Defendant's records.

63. The purposes of the TCPA will be best effectuated by a class action.

64. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

65. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

66. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

67. One common question of law and fact predominate over all individual questions in this action. The common question is whether Defendant engaged a class member in an auto-dialed telephone debt collection communication in which Defendant sent a pre-recorded message to their cellular telephone without their consent.

68. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

69. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

70. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT II: VIOLATION OF THE TCPA

71. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

72. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a. Placing non-emergency pre-recorded phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

73. Defendant's violations were negligent, or alternatively, they were willful or knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. An order declaring this action to be a proper state-wide class action and requiring Defendant to bear the cost of class notice;

   B. Judgment that Defendant's conduct violated the TCPA;

   C. Actual damages;

   D. Statutory damages pursuant to 47 USC (b)(3); and

   E. For such other relief as the Court may deem just and proper.

                                                      Respectfully submitted by,

Electronically Filed - St Charles Circuit Div - February 09, 2021 - 05:07 PM

Pontello & Bressler, LLC

  /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Isaac J. Bressler, #66379
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com
ibressler@pontellolaw.com

*Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Dominic M. Pontello

Electronically Filed - St Charles Circuit Div - February 09, 2021 - 05:07 PM