# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES HURSTER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:21-CV-00318 JAR |
| SPECIALIZED LOAN SERVICING, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel. (Doc. No. 26). In his motion, Plaintiff requests the Court compel Defendant Specialized Loan Servicing, LLC ("SLS") to produce the documents requested in his First Request for Production of Documents numbers 20-26, 30, and 31[1] and award him his attorney fees and costs incurred in bringing his motion. The motion is fully briefed and ready for disposition.

---

[1] The relevant requests for production are as follows:

20. Unredacted copies of all documents evidencing telephone messages, collection notes, log books or Defendant's other regularly maintained records that contain information about communications between Defendant and Plaintiff (please include a "key" to any abbreviations used in such documents).
21. All documents indicating, or evidencing the content of each message left by the Defendant for the Plaintiff.
22. All recordings of any nature containing the voice of any of the Defendant (or Defendant's employees or agents) in which the Plaintiff, or the Mortgage loan account that Defendant was contacting Plaintiff about on his cellular telephone is referred to in any manner.
23. All recordings of any nature containing an artificial or pre-recorded voice utilized by Defendant to collect debts within the past four (4) years from the date of the filing of this complaint.
24. All recordings of telephone messages of any nature that were left by Defendant or its employees, agents, or contractors for the Plaintiff.
25. All recordings of any nature containing the voice of the Plaintiff.
26. Documents showing the content of every voice message left on Plaintiff's cellular telephone (including all pre-recorded, artificial, and live human messages.

1

Plaintiff James Hurster brings this putative class action against SLS for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Telephone Consumer Protection Act ("TCPA"), 15 U.S.C. § 227. Specifically, Plaintiff alleges SLS made numerous unsolicited and unauthorized debt collection calls to his cell phone. Plaintiff propounded written discovery on SLS seeking records of calls made to Plaintiff and recordings of voicemails left on his cell phone, to which SLS objected. The parties subsequently met and conferred and on October 27, 2021, SLS produced its call logs and supplemental discovery responses to Plaintiff. In addition to producing its call logs (RFP 20), SLS responded that Plaintiff has the recording of the message left by SLS (RFPs 21, 23, 24, 26; see also Interrogatory Answer No. 12); that SLS previously responded to RFP 22 (None); and that SLS previously notified Plaintiff it has no voice recording of Plaintiff as Plaintiff never answered any calls from SLS (RFP 25; see also Interrogatory Answer No. 15). Plaintiff does not take issue with SLS's responses to RFPs 20-26 in his reply. Accordingly, Plaintiff's motion as to RFPs 20-26 will be denied as moot.

With regard to RFPs 30 and 31, SLS responds that its counsel requested the phone numbers assigned to SLS during the relevant time period (August 2020 to February 2021) but objected to RFP 30 as overly broad because it seeks information within the past four years when SLS only began servicing Plaintiff's loan in August, 2020. Plaintiff argues the call logs produced

---

\*\*\*

30. Documents evidencing all phone numbers that were assigned to the Defendant within the past four (4) years from the date of the filing of this complaint, whether actual working numbers or leased telephone numbers localized in a calling package supplied by a third-party vendor.

31. Documents evidencing all phone numbers that the Defendant projects onto consumers' caller ID units.

by SLS show that SLS called him at least three times after he revoked his consent to be called on September 29, 2020, but that without the requested production he is unable to independently verify the call logs. Plaintiff also asserts he has found at least 19 phone numbers he believes to be associated with SLS, but that without the requested production, he is unable to determine whether these phone numbers represent the totality of numbers used by SLS to originate calls to consumers.

The information Plaintiff seeks is clearly relevant and within the scope of permissible discovery. SLS's objections concern the relevant time period of the requests, i.e., the past four (4) years versus August 2020, when SLS began servicing Plaintiff's mortgage loan, to February 9, 2021. The Court agrees with SLS that in this case, Plaintiff's request is too broad and finds that a two-year period is more appropriate. The Court will, therefore, only compel the production of the information requested in Plaintiff's RFPs 30 and 31 for the past two years from the date of the filing of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [26] is **GRANTED in part.** Defendant shall, <u>**within ten (10) days of the date of this Order**</u>, produce all phone numbers assigned to SLS for the past two years from the date of the filing of the complaint. In all other respects, the motion is **DENIED as moot.**

Dated this 14th day of December, 2021.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

3