UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HURSTER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:21-CV-00318 JAR |
| SPECIALIZED LOAN SERVICING, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant filed its motion for summary judgment on December 10, 2021. On December 21, 2021, Plaintiff moved to either strike Defendant's motion or stay his response until 21 days after the deposition of Defendant's corporate representative. Then on January 3, 2022, Plaintiff filed a response in opposition to Defendant's motion for summary judgment. The Court denied Plaintiff's motion to strike on January 11, 2022 but indicated that Plaintiff could seek leave to file an amended response in opposition if the testimony of Defendant's corporate representative had any bearing on the issues and defenses raised by the motion. Defendant filed its reply memorandum in support of its motion for summary judgment on January 13, 2022. On February 24, 2022, Plaintiff deposed Defendant's corporate representative Stephen Elms.

On May 31, 2022, three months after deposing Elms, Plaintiff moved for leave to file an amended response to Defendant's motion for summary judgment and statement of material facts. (Doc. No. 54). Plaintiff states that Elms's deposition testimony "contradicts Plaintiff's recollection of his website visits and may be fatal to his TCPA claim." (Id. at ¶ 3). Plaintiff further states the testimony "bolsters Plaintiff's contention that the animating purpose of the prerecorded voicemail was to collect a debt." (Id. at ¶ 5). He asks the Court for an additional 15

days to amend his response "to show that Defendant knew it was requesting payment and that it in fact expected to receive payments in violation of the FDCPA." (Id. at ¶ 6). Defendant opposes the motion as a tactic to cause delay and increase the costs of litigation and asks the Court to award it its costs and fees. (Doc. No. 55).

Plaintiff offers no explanation for waiting over three months to file the instant motion. If Plaintiff believed that Elms's deposition actually bolstered his position, he should have sought leave to amend immediately or, at a minimum, in a timelier manner. In any event, the Court will grant Plaintiff an additional seven days to file his amended response and Defendant seven days to file any reply. <u>If, however, the Court determines that Plaintiff's amended response is without merit or frivolous, it will award Defendant its costs and fees associated with both this motion and its reply.</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave [54] is **GRANTED in part**. No later than **<u>Wednesday, June 8, 2022</u>**, Plaintiff shall file his amended response. Defendant shall have seven (7) days thereafter to file any reply.

Dated this 1st day of June, 2022.

*/s/ John A. Ross*
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**